

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: ) Case No. 11-57831-ws
   Elizabeth Menzie Maly ) Chapter: 7
   2232 S. Main Street, No. 531 ) Honorable Walter Shapero
   Ann Arbor, MI 48103 ) Date: October 11, 2011
   SSN: xxx-xx-9683 )
    )

**A NOTICE FOR THE APPLICATION FOR SANCTIONS UNDER LOCAL RULE 9011-3
AND
A MOTION FOR THE APPLICATION OF SANCTIONS AND OTHER REQUESTS OF THE
DEBTOR UNDER LOCAL RULE 11.1**

This notice and motion are brought by the Debtor, Elizabeth Maly. The Debtor is first noticing the bankruptcy court that the Creditor, Jason Davis, his attorney, Michael Gatti, of Dawid and Gatti, 214 South Main Street, Ann Arbor, MI 48104, and 15th District Court Judge, Julie Creal or her replacement, have failed to comply with the automatic stay in place for this bankruptcy proceeding. These parties have failed to comply with the bankruptcy stay based on:

1. That on September 1, 2011, Elizabeth Maly filed a notice in federal bankruptcy court to convert, without exception, the debtor, Elizabeth Maly, to a Chapter 7. Because of this conversion, an automatic stay is in place for all creditors of Elizabeth Maly per 11 USC § 362.

2. That on September 2, 2011, Elizabeth Maly filed a motion in federal bankruptcy court to reinstate the automatic stay for Jason Davis.

3. That on September 19, 2011, the motions identified above in #2 and #3 were scheduled for a formal hearing by Judge Walter Shapero. Both motions were heard and accepted by the Judge and the Chapter 13 Trustee. Mr. Davis' attorney did not appear.

4. That on September 23, 2011, Elizabeth Maly received a "Demand for Possession" from Jason Davis.

5. That on Monday, September 26, 2011 Elizabeth Maly sent Jason Davis an email stating "please note that on Monday, September 19, 2011, there was a Notice of Hearing in Bankruptcy Court that ruled on #40 – Motion to Reinstate Automatic Stay for Landlord Jason Davis (see attached Notice of Hearing). Your attorneys did not appear to argue the case so the motion was granted and is specifically included in the judge's order that resulted from the hearing. As a result, you cannot take action against us in local court (i.e., your writ of eviction) until the bankruptcy has concluded." (See Attachment A.)

6. Please note that since the initiation of this bankruptcy on June 28, 2011, Jason Davis or his attorney at the time, have been noticed on all bankruptcy proceedings and correspondence.

7. That regardless of these notifications, Jason Davis and his attorneys have ignored Elizabeth Maly's protection based on the automatic stay by willfully continuing the eviction process. On October 6, 2011, Elizabeth Maly received a "Complaint for Nonpayment of Rent" and a "Summons" to appear in 15th district court on October 13, 2011. (See Attachment B (first three pages of case: CIV - 11-2376 LT)

8. Please note that the Complaint for Nonpayment of Rent is defective. Box 10 of the complaint is checked, stating "There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint." This is clearly untrue. Both parties, Jason Davis and his attorney, know that a civil bankruptcy proceeding is underway.

9. That Elizabeth Maly has spoken to Jason Davis' attorney, Michael Gatti, and he will not agree to 1) recognize the stay and 2) cancel the hearing scheduled for October 13th.

10. That after receiving this summons, Elizabeth Maly filed a motion with the local court to dismiss the hearing scheduled for October 13, 2011. At that time, Elizabeth Maly was told that the hearing would go forward regardless.

11. Section 11 USC § 362(h) of the Bankruptcy Code was added to provide "an enforcement mechanism to protect a debtor from creditors who "willfully" violate the automatic stay." The test for willful violation is "usually characterized in terms of whether a creditor took some collection action despite its knowledge that the debtor filed a bankruptcy petition." Also note that this provision of the bankruptcy code states that "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, punitive damages."

As stated by LBR 9011-3, for failing to comply with any applicable rules, sanctions may be imposed on Jason Davis, his attorney, Michael Gatti, and the 15th district judge. The Debtor, Elizabeth Maly, is noticing the court at this time that she will be asking that sanctions be imposed on these individuals for non-compliance with local bankruptcy rules.

The Debtor, Elizabeth May, is also filing a motion that sanctions be imposed on Jason Davis, Michael Gatti and the 15th district judge, Julie Creal or her replacement, per LR 11.1. Federal R. Civ. P. 11(b) identifies violations to the local bankruptcy rules that can result in sanctions. This rule has been knowingly and repeatedly violated by Jason Davis and his attorneys. Please note that this is the second time that Jason Davis has moved forward with the eviction process since the beginning of this bankruptcy. The Debtor, as civility rules recommend, attempted to reach a consent agreement with Jason Davis the first time by agreeing to lift the stay and working with Jason Davis to reach a settlement. Jason Davis breached the initial consent agreement. As a result, the Debtor feels that she has exhausted her attempts to deal with this matter in a manner that is civil and just for all Creditors. In fact,

the Debtor affirms that Jason Davis, his attorney and the local 15th judicial court are willfully violating the bankruptcy code by the following:

11.1(b)(1) Jason Davis and Michael Gatti have failed to tell the local court that there is a bankruptcy in place. In fact, they have misled the court by specifically stating that there is no other civil action pending in this case. By misleading the local court, they are 1) harassing the Debtor, 2) causing the Debtor additional expense and 3) creating unnecessary delays and work for the local and bankruptcy courts.

11.1(b)(2) The local eviction proceeding is an attempt to modify or reverse existing bankruptcy and local laws. Jason Davis and his attorney are aware of the stay but have chosen not to abide by it. In addition, local Ann Arbor Code 105 requires that the landlord must give a tenant with a one or more year lease a minimum of a 30-day notice of eviction. As Jason Davis has been shown the law by the tenants and the Ann Arbor lawyer, Michael Gatti, would be expected to understand local landlord - tenant law, their actions can only be viewed as frivolous.

11.1(b)(3) Even after the most casual reading of the lease, which has several defects, one can see that the lease does not support the filing of a local complaint against the tenant at 426 South Main Street, Ann Arbor, MI 48104. In fact, it does just the opposite.

11.1(b)(4) The landlord, Jason Davis, has made factual contentions in the lease that are not true. For example, Jason Davis has not informed Elizabeth Maly as to the location of her security deposit for $4,500. Jason Davis also attests that the premises are fit for use and that he will keep the premises in reasonable repair. Jason Davis has performed no repairs on the property though the tenants, the Debtor and her husband, have informed Jason Davis that the stove, refrigerator, air conditioning and washing machine are not working properly. Jason Davis has

conceded that his has heard our complaints but does not plan to remedy the problems. This has caused the Debtor addition expense, as noted in prior motions, which should have been monies that are available to other Creditors.

As stated, the Debtor is asking that sanctions, in amounts to be determined, and based on the judgment of the court, be considered and imposed on Jason Davis, his attorney Michael Gatti, and the local judicial judge Julie Creal or her replacement.

The Debtor also asks that:

1. An order be entered to enforce the bankruptcy stay such that Jason Davis, his attorney Michael Gatti, and the local judicial judge are prohibited from taking any further legal action in the matter of Elizabeth Maly vs. Jason Davis.

2. In light of the fact that these same individuals have failed to follow the stay on two occasions, that an injunction prohibiting the behaviors identified in 11.1(b)(1 - 4) and any other local court action be so ordered by the bankruptcy court.

3. Due to the basic inability of these individuals to comply by the stay, and the broader and repeated violation of local rules, procedure and civility, that the local case, CIV 11-2376 LT, be removed to bankruptcy court for all further proceedings, including, as required, a jury trial.

Dated: October 11, 2011

_____
Debtor

Print Name: Elizabeth M. Maly

**Elizabeth Maly**

| | |
|---|---|
| From: | Elizabeth Maly <elizabeth.maly@gmail.com> |
| Sent: | Monday, September 26, 2011 9:32 AM |
| To: | Jason Davis (jason.dfm@gmail.com) |
| Subject: | Automatic Stay Has Been Reinstated |

Jason – please note that on Monday, July 19, 2011, there was a Notice of Hearing in Bankruptcy Court that ruled on #40 – Motion to Reinstate Automatic Stay for Landlord Jason Davis (see attached Notice of Hearing). Your attorneys did not appear to argue the case so the motion was granted and is specifically included in the judge's order that resulted from the hearing. As a result, you cannot take action against us in local court (i.e., your writ of eviction) until the bankruptcy has concluded.

If you still have a local attorney in this case, please notify them of this fact. E.


Motions Filed.pdf


**Elizabeth M. Maly**
734.730.1477 (Cell)
elizabeth.maly@gmail.com

1

| STATE OF MICHIGAN | SUMMONS | CASE NO. Attachment B |
|---|---|---|
| 15th JUDICIAL DISTRICT | Landlord-Tenant / Land Contract | CIV 11-2376 LT |

Court address: 301 E. Huron St., Ann Arbor, MI 48107
Court telephone no.: (734) 794-6752

**Plaintiff's name, address, and telephone no.**
Jason Davis

**Plaintiff's attorney, bar no., address, and telephone no.**
Dawid & Gatti PLLC
214 S. Main St., Ste 204
Ann Arbor, MI 48104
(734) 761-1113

v

**Defendant's name, address, and telephone no.**
Elizabeth Maly & Frank Maly & All occupants
426 S. Main St.
Ann Arbor, MI 48104

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

☒ Rental unit eviction
☐ Land contract forfeiture

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. The plaintiff has filed a complaint against you and wants
   ☐ to recover possession, after land contract forfeiture, of
   ☐ a money judgment for
   ☒ to evict you from

   **Address or description of premises**
   426 S. Main St., Ann Arbor, Michigan

2. You are summoned to be in the district court on __Thursday, October 13, 2011__ at __9:00 a.m.__
   Day and date / Time
   ☒ at the address above, ☐ _____, courtroom _____.
   Location

3. You have the right to a jury trial. If you do not demand a jury trial and pay the required jury fee in your first defense response, you will lose this right.
4. If you are in district court on time, you will have an opportunity to give the reasons why you feel you should not be evicted. Bring witnesses, receipts, and other necessary papers with you.
5. If you are not in district court on time, you may be evicted without a trial and a money judgment may be entered against you.

Date issued: 10/04/11
Court clerk: [signature]

This document must be sealed by the seal of the court.

## HOW TO GET LEGAL HELP

1. You have the right to an attorney to assist you in answering the complaint filed in this case and in preparing defenses.

2. If you do not have an attorney but have money to retain one, you may locate an attorney through the State Bar of Michigan Lawyer Referral Service at 1-800-968-0738 or through a local lawyer referral service. Lawyer referral services should be listed in the yellow pages of your telephone directory or you can find a local lawyer referral service at www.michbar.org.

3. If you do not have an attorney and cannot pay for legal help, you may qualify for assistance through a local legal aid office. Legal aid offices should be listed in the yellow pages of your telephone directory or you can find a local legal aid office at www.michiganlegalaid.org. If you do not have Internet access at home, you can access the Internet at your local library.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Tenant's copy

DC 104 (3/08) SUMMONS, LANDLORD-TENANT / LAND CONTRACT

MCL 600.5735, MCR 2.102, MCR 4.201(C), MCR 4.202(E)

| STATE OF MICHIGAN 15th JUDICIAL DISTRICT | COMPLAINT NONPAYMENT OF RENT Landlord - Tenant | CASE NO. |
|---|---|---|

Court address: 301 N. Huron, Ann Arbor, MI 48107  
Court telephone no.: (734) 794-6732

Plaintiff name(s), address(es), and telephone no(s).
Jason Davis

v

Defendant name(s) and address(es)
Elizabeth Maly and Frank Maly and all occupants
426 S. Main St.
Ann Arbor, MI 48104

Mailing Address: 2232 S. Main St., No. 531
Ann Arbor, MI 48103

Plaintiff's attorney, bar no., address, and telephone no.
Dawid & Gatti, PLLC
By: Michael Gatti (P-43820)
214 S. Main St., Ste. 204
Ann Arbor, MI 48104
(734) 761-1113

**The plaintiff states:**
1. Attached to this complaint is a copy of the lease or occupancy agreement, if any, under which possession is claimed, and a copy of the notice to quit or demand for possession showing when and how it was served.
2. The owner of the property described in the attached demand for possession is: Jason Davis
3. The defendant is in possession of the following portion of the property:

   426 S. Main St., Ann Arbor, MI 48104

4. The plaintiff has a right to possession of the property for **nonpayment of rent:**
   a. Rental rate: $ $3,000 per month   b. Payable on: the first of each month
   c. Rent is paid through August 2011   d. Total rent due now is $ 6,000.00
   e. Other money is due: $ _____ for _____ and due by _____
- [ ] 5. (If applicable.) The tenancy involves housing operated by or under rules of a governmental unit. The rule or law under which the tenancy is ended is _____
- [x] 6. (Must be checked unless modified by lease.) The plaintiff declares that this residential property was kept fit for the use intended, and has been kept in reasonable repair during the term of the lease.
7. The defendant has not complied with the demands made.
8. The plaintiff asks for a judgment of possession and costs and asks the court to issue an order to evict the occupants.
- [ ] 9. A jury trial is demanded.
- [x] 10. There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this complaint.
- [ ] 11. A civil action between these parties or other parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in _____ Court. The docket number and assigned judge are: _____

The action  ☐ remains  ☐ is no longer  pending.

**SUPPLEMENTAL COMPLAINT**

- [ ] 12. (If applicable.) Complaint is made and judgment is sought for **money damages** against the defendant as follows:
  - [ ] Rent owing as set out in paragraph 4 above, plus additional rent at the rate of $ _____ per _____ until judgment, plus costs.
  - [ ] Damages claimed: _____

Date: 10-3-11

Plaintiff/Attorney signature: Michael Gatti (P-43820)

DC 102a (3/09) COMPLAINT, NONPAYMENT OF RENT, Landlord - Tenant    MCR 2.113(C), MCR 4.201(B)

Approved, SCAO

| STATE OF MICHIGAN | DEMAND FOR POSSESSION<br>NONPAYMENT OF RENT<br>Landlord-Tenant | |

TO: Elizabeth Maly and Frank Maly and all occupants
2232 S. Main Street, No. 531
Ann Arbor, MI 48103

**Notice to mobile home owners who rent land in a mobile home park:**

If you have been late on payments on three or more occasions during any 12-month period and the park owner has given you a written demand for possession for nonpayment of rent on each occasion, the park owner may have just cause to evict you.

1. Your landlord/landlady, **Jason Davis**, says that you owe $ **3,000.00** rent
   Name (type or print)

Address or description of premises rented (if different from mailing address):
426 S. Main St
Ann Arbor, MI 48104

2. If you owe this rent, you must do one of the following within 7 days from the date this notice was served.
   a. Pay the rent owed.   **or**   b. Move out or vacate the premises.
   If you do not do one of the above, your landlord/landlady may take you to court to evict you. If you move out or vacate, you may still owe rent.

3. If you have paid the rent, or if you believe there is good reason why you do not owe the rent, you will have the opportunity to present reasons why you believe you should not be evicted.

4. If you believe there is a good reason why you do not owe the rent claimed by your landlord/landlady, you may have a lawyer advise you. Call him or her soon.

**9/19/2011**
Date

Signature of owner of premises or agent
**23016 LAKE FOREST DR, A395**
Address
**LAGUNA HILLS, CA 92653**   **(310) 991-9115**
City, state, zip                Telephone no.

**CERTIFICATE OF SERVICE**

I certify that on **9/19/2011** I served this notice on **ELIZABETH & FRANK MALY**
               Date                                                  Name

by
☐ delivering it personally to the person in possession.
☐ delivering it on the premises to a member of his/her family or household or an employee of suitable age and discretion with a request that it be delivered to the person in possession.
☒ first-class mail addressed to the person in possession.

Signature

Court copy (to be copied, if necessary, to attach to the complaint)

DC 100a (3/10) **DEMAND FOR POSSESSION, NONPAYMENT OF RENT, Landlord-Tenant**   MCL 600.5714(1)(a), MCL 600.5716, MCL 600.5718, MCL 600.5775(2)(f)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-57831-ws |
|    Elizabeth Menzie Maly | ) | Chapter: 7 |
|    2232 S. Main Street, No. 531 | ) | Honorable Walter Shapero |
|    Ann Arbor, MI 48103 | ) | |
|    SSN: xxx-xx-9683 | ) | |

**ORDER FOR THE APPLICATION OF SANCTIONS AND OTHER REQUESTS OF THE DEBTOR UNDER LOCAL RULE 11.1**

This matter is before the Court on the request of the Debtor, Elizabeth M. Maly. The motion and notice of the motion were served on the Landlord's attorney and the Trustee in this case.

IT IS ORDERED as follows:

A. Jason Davis, his attorney Michael Gatti, and the local judicial judge are prohibited from taking an further legal action in the matter of Elizabeth Maly vs. Jason Davis.

B. An injunction prohibiting the behaviors identified in 11.1(b)(1 - 4) and any other local court action is so ordered by the bankruptcy court.

C. The local case, CIV 11-2376 LT, is removed to bankruptcy court for all further proceedings, including, as required, a jury trial.

Date: _____

_____
Honorable Judge Walter Shapero

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2011 OCT 11 A 9:40
U.S. BANKRUPTCY COURT
E.D. MICHIGAN

In re: ) Case No. 11-57831-wsd
   Elizabeth Menzie Maly ) Chapter: 7
   2232 S. Main Street, No. 531 ) Honorable Walter Shapero
   Ann Arbor, MI 48103 )
   SSN: xxx-xx-9683 )
 )
 )

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2011, the Debtor served copies as follows:

Documents Served:   A Notice for the Application for Sanctions under Local Rule 9011-3 and a Motion for the Application of Sanctions and Other Requests of the Debtor under Local Rule 11.1

Served Upon:   Michael Gatti
Dawid & Gatti, Pllc
214 South Main Street, Suite 204
Ann Arbor, MI 48104

Judge Julie Creal (or her replacement)
15th Judicial District Court
301 East Huron Street
P.O. Box 8650
Ann Arbor, MI 48107-8650

Method of Service:   First Class Mail

Dated: October 11, 2011

_Elizabeth M. Maly_
Debtor

Print Name: Elizabeth M. Maly